JAMES J. BELDEN et al., Survivors, etc., Appellants, v. THE STATE, Respondent.

A claim was presented to the board of claims for alleged balances due certain contractors on three contracts with the State. The board found balances due on two of the contracts, but that the contractors had been overpaid on the third contract and decided that so much of the overpayment as was necessary should be applied to extinguish the amounts due on the other contracts. Held, no error ; also that the fact that an action on the part of the State would be barred by the statute of limitations did not prevent such application ; that as the claimants had moneys overpaid in their hands the application thereof in payment of the other obligations would be presumed to have been made when they accrued.

An action had previously been brought by the State to recover back the whole sum paid under the contract upon which the overpayments were made, on the ground that it had been obtained by fraud. The defendants therein answered, setting up, among other things, a balance due them on the contract. The State succeeded on the trial, but the judgment was reversed by the General Term, and on appeal to this court from the order of reversal judgment absolute was rendered against the State. (People v. Denison, 80 N. Y. 656.) Held, that this judgment was not conclusive against the State as to payments in excess of the sum rightfully due under the contract, as the question was neither litigated nor decided in that action.

A judgment is not conclusive and is no evidence as to facts, not in issue in the action but proof of which is given therein to establish facts in issue.

(Argued December 15, 1885 ; decided October 5, 1886.)

SICKELS — VOL. LVIII.  1

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 24, 1884, which affirmed an award of the board of audit; the nature of which and the material facts are set forth in the opinion.    (Reported below, 31 Hun, 409.)

*Martin A. Knapp* for appellants.    The State having brought an action in tort for the fraud, in which the larger sum could be recovered, if a recovery could be had at all, in which a liability against the person would arise, and in which a counter-claim arising out of contract could not be interposed, it thus waived the remedy in contract.    (Pomeroy's Remedies and Remedial Rights, §§ 110, 567, 573, 801; 2 Wait's Practice, 358, 361; *Rice* v. *King,* 7 Johns. 20; *Bk. of Beloit* v. *Beale,* 34 N. Y. 473; *Johnson* v. *Smith,* 8 Johns. 299 (353); *Spring-stead* v. *Lawson,* 23 How. Pr. 302; *Steinbach* v. *Relief Fire Ins. Co.,* 77 N. Y. 498; *Kinny* v. *Kiernan,* 2 Lans. 492; *Morris* v. *Rexford,* 18 N. Y. 552; *Rodermond* v. *Clark,* 46 id. 354; *Bowen* v. *Mandeville,* 95 id. 237; *Wright* v. *Pierce,* 4 Hun, 351; *Goss* v. *Mather,* 2 Lans. 283; *Morgan* v. *Skidmore,* 3 Abb. N. C. 92; *Teal* v. *City of Syracuse,* 32 Hun, 332; *Sweet* v. *Ingerson,* 12 How. Pr. 331; *Krum* v. *Beach,* 96 N. Y. 399; *Roth* v. *Palmer,* 27 Barb. 652; *Dudley* v. *Scranton,* 59 N. Y. 424; *Hiscock* v. *Harris,* 80 id. 402; *Cobb* v. *Hatfield,* 46 id. 533; *Gray* v. *Board of Supervisors,* 93 id. 603; *Mackey* v. *Lewis,* 73 id. 382; *Godfrey* v. *Moser,* 66 id. 253; *Keep* v. *Kaufman,* 56 id. 332; *Manly* v. *Ins. Co. of N. Am.,* 1 Lans. 24; *Nelson* v. *Ingersoll,* 27 How. Pr. 1; *Lermont* v. *Boetger,* 49 Barb. 362.)    A prior adjudication in an action between the same parties, and involving the same subject-matter, is conclusive in a subsequent action, not only as to the main question decided, but as to every other question essential to, and which was necessarily considered in the decision of the main question, and also as to every question relating to the subject-matter of the litigation and which might have been litigated and decided as incident to, or essentially connected with, the main question.    (*Luska* v. *O'Brien,* 68 N. Y. 447;

*Castle* v. *Noyes*, 14 id. 329; *Church* v. *Kidd*, 88 id. 652; *Angell* v. *Hollister*, 38 id. 379; *Dunham* v. *Bower*, 77 id. 77; *Blair* v. *Bartlett*, id. 150; *Collins* v. *Bennett*, 46 id. 491; *Jordan* v. *Van Epps*, 85 id. 436; *Leavitt* v. *Wolcott*, 95 id. 213; *Crabb* v. *Young*, 92 id. 57; *Patrick* v. *Shufer*, 94 id. 425; *Clemens* v. *Clemens*, 37 id. 74; *Harris* v. *Harris*, 36 Barb. 89.) Assuming that overpayments were made on contract A, the right to recover the debt or demand thus arising in the favor of the State, was barred by the statute of limitations, before that debt or demand was interposed as a defense to this claim, and hence it constituted neither a legal nor equitable counterclaim or set-off in favor of the State. (Code of Civ. Pro., §§ 397, 389; R. S., part 3, chap. 6, tit. 2; Code of Civ. Pro. [Throop's ed.], § 501, note; Laws of 1880, chap. 245, § 1, subd. 3; Code of Civ. Pro., § 414; *Watson* v. *Forty-Second Street R. R. Co.*, 93 N. Y. 523; *Drake* v. *Wilkie*, 30 Hun, 537; *People, ex rel. Sheridan*, v. *French*, 31 id. 617; *Burgett* v. *Strickland*, 32 id. 264; Code of Civ. Pro., § 282; *Morris* v. *Budlong*, 78 N. Y. 543; *De Lavallette* v. *Wendt*, 75 id. 579; *Clinton* v. *Eddy*, 1 Lans. 61; Code of Civ. Pro., § 410; *Northrup* v. *Hill*, 57 N. Y. 351.) Assuming that the right of the State to recover back of claimants this sum, $417,571, or any part of it, is open to consideration as an original question, the State cannot sustain such a recovery, for the reason that the payments were voluntarily made by the State, without any fraud on the part of its officers, or of claimants or their agents, and without any mistake of fact as to either the quantity or quality of the work or materials. (*Baird* v. *Mayor, etc.*, 96 N. Y. 592; *Arthur* v. *Griswold*, 55 id. 401; *Morris* v. *Talcott*, 96 id. 100; *Dudley* v. *Scranton*, 57 id. 424; *Ross* v. *Mather*, 51 id. 108; *People* v. *Stevens*, 71 id. 529; *Stettheimer* v. *Killip*, 75 id. 282; *Supervisors of Onondaga* v. *Briggs*, 2 Den. 26; *Elting* v. *Scott*, 2 Johns. 157; *Clarke* v. *Dutcher*, 9 Cow. 674; *Taylor* v. *Beavers*, 4 E. D. Smith, 215; *Wyman* v. *Farnsworth*, 3 Barb. 369; *Smith* v. *Knapp*, 18 Week. Dig. 95; *N. Y. C. & H. R. R. R. Co.* v. *Marsh*, 12 id. 309; *Hill* v. *Hill*, 10 id. 239; *Mut. L. Ins. Co.* v. *Wager*, 53 N.

Y. 240; *Dambmann* v. *Shulting,* 75 id. 55; *Mayor, etc.,* v. *Erban,* 3 Abb. Ct. App. Dec. 255; 1 R. S., chap. 9, tit. 9, art. 2, §§ 9, 10, 15, 29, subd. 3 and 5, §§ 31, 32, 42, 44; Laws of 1847, chap. 278, §§ 2, 3, 4, 7, 11, 14; *Hartwell* v. *Root,* 19 Johns. 344; *Mandeville* v. *Reynolds,* 68 N. Y. 534; *Leland* v. *Cameron,* 31 id. 115; *Smith* v. *Munrow,* 84 id. 534.) The work and materials having been accepted, with knowledge of their defects, if there were any, the defense now interposed was waived. (*Woodward* v. *Fuller,* 80 N. Y. 312; *Nolan* v. *Whitney,* 12 Week. Dig. 421; 88 N. Y. 648; *Devendorf* v. *Wert,* 42 Barb. 228.) The seals attached to the contracts take them out of the six years' limitation. (3 Bac. Abr. 163; *Goddard's Case,* 2 Co. 5 A.; Bouvier's Law Dict., "Specialty;" *Mill Dam Foundry* v. *Hovey,* 21 Pick. 417, 428; *Taylor* v. *Gleaser,* 2 Serg. & Rawl. 502; *Thrasher* v. *Everhart,* 3 G. & J. 234; *Williams* v. *Greer,* 12 Geo. 459; *Hubbard* v. *Beckwith,* 1 Bibb, 492; *Scruggs* v. *Brackin,* 4 Yerg. 528; *Ralph* v. *Gist,* 4 McCord, 267; *McRaven* v. *McGuire,* 9 S. & M. 34; *English* v. *Helms,* 4 Tex. 228.) It is only necessary in this State, in order to make a sealed instrument, that the seal should be attached. (*Merritt* v. *Cornell,* 1 E. D. Smith, 335; *Anthony* v. *Harrison,* 14 Hun, 198.) The claim for the fifteen per cent, retained on contract A, having been set up as a counter-claim in *People* v. *Denison,* and a judgment having been entered against the State on the counter-claim, which was reversed, but not on the merits, the running of the statute was suspended during the entire pendency of that action. (Code Civ. Pro., §§ 405, 412.) A defendant must set up in his answer the defense of the statute of limitations, or it will be regarded as waived. (*Converse* v. *Miner,* 21 Hun, 367, 372.)

*Denis O'Brien, Attorney-General,* for respondent. The claim was barred by the statute of limitations. (Constitution, Art. VII, § 14; 1 E. D. Smith, 335, *Randall* v. *Van Vechten,* 19 Johns. 60, 64; *Briggs* v. *Partridge,* 64 N. Y. 364; *Stanton* v. *Camp,* 4 Barb. 474; *Peters* v. *Delaplaine,* 49 N. Y.

362; *Bush* v. *Shaw*, 4 W. D. 539; *Loder* v. *Hatfield*, 71 N. Y.
92; *Welles* v. *Yates*, 44 id. 525; *Coleman* v. *Second Ave. R.
R. Co.*, 38 id. 201; *Yale* v. *Nixon*, 6 Cow. 445; *Jewell* v.
*Schroeppel*, 4 id. 564.) The General Term on appeal may
consider and examine both the law and evidence. (Laws of
1881, chap. 211, § 13; 4 Hun, 793; 64 N. Y. 236.) This
appeal does not bring up the facts for review. (*Reed* v. *Antrop*,
13 W. D. 450; 12 N. Y. 258; 63 id. 8: 19 id. 207; 71 id.
137.) If the evidence is conflicting the judgment cannot be
reversed. (*Stillwell* v. *Mut. Life Ins. Co.*, 72 N. Y. 385;
*Auburn City Nat. Bk.* v. *Hunsiker*, 72 id. 252; *Van Gelder*
v. *Van Gelder*, 77 id. 446; *Green* v. *Fortier*, 80 id. 640.)
The questions of fact decided by a jury are not reviewable by
the Court of Appeals, unless there is no evidence whatever to
support the decision. (*Parker* v. *Jervis*, 3 Abb. Ct. App.
Dec. 449.) On appeal from a judgment on a verdict, the Court
of Appeals has no power to review a case for the purpose of
determining the weight of the evidence. (*Cooper* v. *Eastern
Transp. Co.*, 75 N. Y. 116.) If there is any evidence to sustain
findings by a referee, his conclusion, if the facts are capable of
his interpretation, is final as to this court. (*Quincy* v. *White*,
63 N. Y. 370, 375; *Marvin* v. *Brewster Iron Mining Co.*, 55
id. 538, 547; *Sherwood* v. *Hauser*, 94 id. 626; *Parker* v.
*Jervis*, 3 Keyes, 271; *Waters* v. *Green*, id. 385; *Vermilyea*
v. *Palmer*, 52 N. Y. 471.) The moneys paid to the claimants
under contract "A" were paid under a mistake of fact, and
for that reason could have been recovered back in a direct
action for that purpose. (*Lawrence* v. *Am. Nat. Bk.*, 54 N.
Y. 433.) But there must be a mistake, and it must also
appear that the plaintiff was not under either a legal or moral
obligation to pay the money. (*Edgar* v. *Shields*, 1 Grant's
Cases [Pen.], 361; *Foster* v. *Kerby*, 31 Mo. 496; *Gould*
v. *McCarick*, 2 Swan. [Tenn.] 295; *Mowat* v. *Wright*,
1 Wend. 355; *Mayor, etc.,* v. *Eben*, 10 Bosw. 189;
*Renard* v. *Fiedler*, 3 Duer, 318; Chapman's Canal Manual,
164, § 39; chap. 877, Laws of 1869, § 1; *Stewart* v. *Sears*,
109 Mass. 143; Story's Agency, § 435.) It is no answer to

say that the auditor had the means of finding out the mistake, for that would constitute no defense. (*Wheadon* v. *Olds*, 20 Wend. 174; *Kingston Bk.* v. *Eltinge*, 40 N. Y. 391; *Mayer* v. *Mayor, etc., of N. Y.*, 63 id. 455.) It would not be any defense to say that the State's officers, the engineers in charge of the work, accepted it as performed, because there was no actual acceptance. (*Glacius* v. *Black*, 50 N. Y. 145; *Swift* v. *State*, 89 id. 52; *Belden* v. *State*, 31 Hun, 409, 416; *Moore* v. *Moore*, 3 Abb. Ct. App. Dec. 303; *Shirley* v. *Vail*, id. 313, note.) There is no evidence in the case or in the statutes of this State of any legislative action which can be construed as a ratification of the payments in excess. (*People, ex rel. Wasson*, v. *Schuyler*, 69 N. Y. 242.)

DANFORTH, J. On the 2d of December, 1881, the appellants presented to the board of audit a claim for $125,406.90, with interest on $91.044.60, part thereof, from December 1, 1881, and on the 2d of May, 1882, a further claim by way of amendment to the original claim of $28,410.58, with interest from May 1, 1882, making the total amount claimed $153,817.48, and for this sum, with interest, asked an award in their favor and against the State. The claim is for money alleged to have been earned under three contracts for canal work, dated September 9, 1869, and referred to respectively as "A," "B" and "C". It seems apparent that upon contract "B" there was unpaid $7,605, with interest, and on contract "C" $9,750, with interest. But the board of audit found that for work done under contract "A" the claimants were entitled only to $314,960.70, and had in fact been paid $417,570, leaving due the State for overpayment the sum of $102,610.30. They, therefore, held, 1st, that contract "A" had been fully performed by the State, and 2d, that so much of the overpayment under color of that contract, as might be necessary, should be applied to extinguish the amounts otherwise due on contracts "B" and "C"; that for the balance, viz.: $85,368.40, the claimants were indebted to the State, and accordingly dismissed their claim.

There is evidence in the case to support the conclusion of the over-payment, and the question upon this appeal is whether it is available to the State.

The appellant contends that the decision by this court in *People* v. *Denison* (80 N. Y. 656), is conclusive against the State as to the payments in excess of sums rightfully due under contract "A." In that case the State sued to recover back the whole sum of $417,571, upon the sole ground that it had been obtained from its officers by false pretenses and false certificates. The defendants answered, and, among other defenses, set up a certain claim for $73,674.05, as yet due upon that contract, being, as is now stated, the same moneys claimed before the board of audit under contract "A." The State succeeded upon the trial, but upon appeal, both the Supreme Court at General Term and this court held that the action was in tort and not on contract, and reversed the judgment rendered by the trial court, on the ground that the plaintiff having failed to establish the fraud alleged, had not made out its case.

The Supreme Court had granted a new trial, but the plaintiff stipulated so as to perfect an appeal, and this court, in pursuance of the stipulation, gave judgment absolute against it. Such a judgment presents no obstacle to the recovery of money paid by the State officers in ignorance that the amount of work and materials in the estimates on which they acted, was incorrectly stated and in excess of that really done or furnished, and under a mistake as to those facts. That question was neither litigated nor decided in the former action, nor could it have been. It was not involved in the pleadings, nor presented for determination. Moreover, evidence, however ample to warrant a recovery for money paid under a mistake of fact, would be wholly insufficient to show that its payment was procured by fraud. The cause of action is not the same. The judgment relieved the contractor from the imputation and the consequences of obtaining the money fraudulently, but it did not establish the fact of indebtedness, nor confirm a title to the money, if it was otherwise

defective. The plaintiff failed because its action was misconceived, and for a cause not warranted by the facts proved. The judgment is no bar to a claim, therefore, for a sufficient cause, or where the evidence to sustain the second would not have entitled the plaintiff to recover in the first; where, in other words, there is no identity of the question with that before decided.

It is entirely consistent with the record in that action, that money paid under a mistake of fact, may be recovered back, although the State there failed in its assertion that the money was obtained from its officers by fraud and false pretenses; that question was settled, but not the right of the defendant to retain it.

Nor does that judgment establish the sum due to the appellants upon contract. That question was not in issue. It may have come collaterally in question, and, as incident to the general charge of fraud, been the subject of evidence and controversy, but it was not in issue within the meaning of the rule which gives effect to the adjudication. That applies to that matter only upon which the plaintiff proceeded by its action, and which the defendants answered by their pleading. Facts offered in evidence to establish the issue so presented, are not themselves in issue, and the judgment is no evidence in regard to them (*Jackson* v. *Wood*, 3 Wend. 27; *Lawrence* v. *Hunt*, 10 id. 81; *Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474.)

The appellants contend that the statute of limitations barred the right to recover the overpayments. Whether time had elapsed sufficient in any view for that purpose, I do not think it needful to inquire. No judgment has gone in favor of the State against the appellants. The money in their hands was in excess of that due from the State when they presented their claims, and a tribunal having the powers of a court not only of law but equity, and expressly charged to allow only such sums as it considered should equitably be paid by the State to the claimants (Laws of 1876, chap. 444, § 2), has adjudged that while retaining it, they have no claim which can be allowed. That conclusion has been approved by a court

authorized upon appeal to consider both the law and the evidence, "and determine the same between the claimant and the State, as shall be equitable and just" (Laws of 1881, chap. 211). A different decision would be a reproach to either jurisdiction. The claimants could ask for only so much as was due to them, and before a court having power to take an account and strike a just balance between the parties, it would be a surprising assertion for one to say, "I obtained the money of my adversary under circumstances which imposed on me an obligation to repay, but in the meantime he became justly indebted to me, and as by lapse of time, no action can be brought by him, I now demand that my title to the money so obtained, shall not be questioned, but be deemed absolute, and he be required to pay the debt which has accrued." It might well be answered: "You shall be deemed to have done your duty, and at the moment of the accruing of the claim, to have applied upon it the money which you had already received from your debtor." So here the money received by the claimants in overpayment on one contract, must be deemed to have been money in their hands for the use of the State, the State entitled to its application, and the claimants be presumed to have applied it in payment of the other obligation, the moment it accrued. The existence of means of payment in the hands of the creditor, and the lapse of time, are conclusive evidence of the pre-existing fact of an actual discharge of the accruing debt, or are of themselves facts which require a court of equity to adjudge such application to have been made. Equity requires that one demand should extinguish the other, by deducting the less from the greater.

Other propositions are advanced on behalf of the appellants. They are insufficient to disturb the judgment; nor do they answer the opinion of the General Term. As we agree, therefore, with that court and the Board of Audit in the conclusion reached by them, the judgment appealed from should be affirmed.

All concur, except ANDREWS, J., dissenting, and RUGER, Ch. J., not sitting.

Judgment affirmed.