PATRICK J. KELLY, Respondent, *v.* ROBERT E. J. MILES AND WILLIAM B BARTON Appellants.

ROBERT E. J. MILES AND WILLIAM B. BARTON, Appellants *v.* PATRICK J. KELLY Respondent

*Partial eviction of a tenant — he may maintain an action to secure an apportionment of the rent — when a removal under a warrant for the non-payment of rent does not constitute a defense to such an action — effect of the decision in the summary proceedings.*

Where a tenant has been deprived by his landlord, or by the owner of the property, or any other person acting under paramount title, of the use and enjoyment of a substantial portion of the leasehold estate, he is entitled to bring an action in equity to obtain an apportionment of the rent and to secure a determination declaring the extent of his liability for the continuance of his partial occupancy.

*Dyett* v. *Pendleton* (8 Cow., 727) and *Lansing* v. *Van Alstyne* (2 Wend., 561) followed

Prior to the commencement of this action summary proceedings had been instituted by the defendants to remove the plaintiff from the premises occupied by him, because of his default in the payment of the rent, in which proceedings a decision directing his removal was made, under which he was, after the com. mencement of the action, removed.

*Held,* that these facts, which were set up by a supplemental answer as a defense to the action, did not prevent the tenant from obtaining an apportionment of the rent in this action.

That all that was decided in the summary proceedings was that the tenant was in default in the payment of rent, but to what amount was not involved and could not be conclusively there decided.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at Special Term.

*S. Hanford*, for the appellants.

*J. K. Hayward*, for the respondent.

DANIELS, J·:

The plaintiff was a tenant of the defendants in the use and occupation of premises known as 1237 Broadway. They executed and delivered to him a lease of these premises for the term of three years from the 1st of May, 1883, and it was covenanted in the lease and an agreement afterwards added thereto, that the plaintiff should

yield up possession of the premises for two months during the summer of 1883, but for which he should still pay the rent. The defendants were, themselves, lessees of the same property, and the object of surrendering the possession for the two months was to enable the owner to make alterations in them by changing and partially rebuilding them, and adding one or two stories upon the building, one of which the plaintiff was entitled afterwards to the use and enjoyment of without the payment of additional rent, but in case of his occupancy of the other or fifth story, he was bound to pay an additional rental. The rent of the premises was the sum of $375 monthly, payable in advance, and he placed in the possession of the defendants the sum of $2,300, to remain as security for the rent of the last six months of the term created by the lease. And in case of a failure to pay the rent reserved for that portion of the term, the defendants were at liberty to appropriate this sum of money towards the payment of the rent in arrears.

The plaintiff surrendered the premises as he was required to do by the lease, in the latter part of the summer of 1883, but the alterations and changes made in them were not completed at the expiration of this period of two months. The store, which consisted of the first story, was, however, completed and capable of occupancy in the early part of 1884, and the defendants restored that, together with the basement, to the possession of the plaintiff, in March of that year. The store in its dimensions was reduced by the alterations, and the upper portion of the building, consisting of the second and third stories, were wholly incompleted and incapable of occupancy. The plaintiff denied his obligation to pay the rent reserved in the lease, because of the condition in which the premises above the store had been left. And the defendants instituted summary proceedings to recover from him possession for his default in the payment of the rent. Thereupon he commenced this action to restrain the prosecution of those proceedings, and to obtain an apportionment of the rent permitting him to pay for the portion of the premises, so far as they had been restored and occupied by him, at the rate mentioned in the lease. At the close of the evidence on his part, which directly tended to establish the existence of these facts, an application was made to dismiss the complaint on the ground that it failed to disclose facts sufficient to present a cause of

action. And that objection, which was overruled, has been repeated and relied upon by way of supporting the appeal.

No doubt is entertained as to the requirements of the rule that the plaintiff to entitle himself to recover in an action, must set forth the grounds of the action in his complaint, and if he recovers at all, must recover upon that statement. (*Truesdell* v. *Sarles*, 104 N. Y., 164.) But this complaint did set forth a ground of action in favor of the plaintiff, for as he had been deprived by the act of the owner of the property, with the assent of the defendants who were his own landlords, of the use and occupancy of a large part of the property, he was entitled to be relieved to a corresponding extent from his obligation for the payment of the rent. The occupancy assured to him by the lease, was the consideration for his covenant to pay, and to the extent that he was deprived of the ability to occupy by the act of the owner under the authority and assent of the defendants, the plaintiff was entitled to an abatement and apportionment of the rent. The lease provided for no such contingency, but under it the premises were to be wholly restored at the expiration of the two months. . He was in no manner obligated by the lease to pay the rent for any period of time beyond the two months, unless the premises were restored and placed in a tenantable condition. The rights and obligations of the parties, therefore, were left wholly dependent upon the law for this state of things not appearing to be contemplated or provided for by the parties. And the law applicable to this state of facts is, where the tenant has been deprived by his landlord, or by the owner of the property or any other person acting under paramount title or with his or their assent or authority, of the use and enjoyment of a substantial portion of the leasehold estate, that his rent shall be apportioned to the part of the premises which may be left in his possession and occupied by him. This was stated to be the rule in *Dyett* v. *Pendleton* (8 Cow., 727). And it was in principle followed in the case of *Lansing* v. *Van Alstyne* (2 Wend., 561). And where the tenant in this manner becomes entitled to an apportionment of rent, he has the right to bring an action in equity to secure a determination declaratory of the extent of his liability, for the continuance of his partial occupancy. (1 Story Eq. Jur., §§ 475a, 479.) The complaint presenting this state of facts did, therefore,

set forth such facts as were necessary to constitute a cause of action.

The proceedings against the plaintiff to dispossess him were not stayed during the pendency of his suit, but an injunction was denied to him, and he interposed an answer in those proceedings, setting up the state of facts already mentioned. He was, however, upon the trial defeated, and a decision made directing his removal from the possession of the property; and after this suit was commenced he was so removed, and the warrant which was issued and executed in his removal were set forth by a supplemental answer as a defense to the action. It was not, however, a defense preventing him from obtaining an apportionment of the rent, for it was no part of the province of the summary proceedings to determine what amount of rent was owing from the plaintiff to the defendants. All that was required to maintain and consummate these proceedings was that some amount of rent should be found to be unpaid and in default, and to that extent only was the determination made in the proceedings conclusive upon him; it was that he was in default for the non-payment of rent under his lease, but to what amount was not involved, and could not be conclusively there decided. (*Jarvis* v. *Driggs*, 69 N. Y., 143; *Brown* v. *Mayor, etc.*, 66 id., 385.)

The rule upon the effect of the determination made, as well as the effect of other legal proceedings, is that the point must not only be involved in the decision, but decided and determined by it, before the decision will be controlling in another action or proceeding. (*Belden* v. *State*, 103 N. Y. 1.) That was not the nature of the controversy in the summary proceedings; and the question was left open and undetermined, therefore, as to how much the plaintiff was in default and in arrear for the non-payment of his rent.

The question was accordingly presented for trial in this action as to how much the plaintiff was bound to pay, according to the terms of the lease, for his use and occupancy of the store and the basement under it. And as his removal in the summary proceedings terminated and ended the lease, and no further obligations could arise under it after the payment of the rent, the money which had been deposited for the security of the last six months of the term was available for the plaintiff after the payment of so much of the

indebtedness as should be found against him, because of this use and occupancy. It was, in other words, relieved from the obligation to which it was subjected by the lease; and the defendants could neither legally nor equitably claim any larger portion of the deposit than was necessary to extinguish the existing liability of the plaintiff.

The court did apportion the rent and determined how much should be paid by the plaintiff for the use and occupancy of the store and basement, which was all of the deposit that was susceptible of being used by the defendants. Under the proof a smaller amount than that which was allowed to the defendants might have been awarded, but a liberal view and construction of the evidence was taken by the court and the amount payable to the defendants was in this manner determined, and the residue fixed which, with interest at the rate of five per cent stipulated for in the lease, was directed to be returned to the plaintiff.

There seems to have been nothing improper in the rulings by which evidence was received to exhibit the diminished extent of the store and basement after the alterations in the building, or excluding the proof to establish the fact that the defendants had nothing to do with tearing down and rebuilding, for the proof received was all that was necessary to show precisely what had remained to the plaintiff, after he resumed the use and occupancy of this part of the premises, and that which was excluded could have no bearing whatever upon the result of the action. It was not necessary that the defendants should have immediately interfered with the taking down and rebuilding, it was sufficient that this was by the owner of the property with their assent. From the facts proved it may be inferred that he acted under a right conceded to him for that object by the defendants. The stipulations contained in the lease, and the additional agreement, are consistent with no other view. The case was rightly disposed of at the Special Term and the judgment should be affirmed with costs.

The action of Robert E. J. Mills and another, appellants, against Patrick J. Kelly, respondent, was brought to recover the rent claimed to have accrued under the lease, and it depended upon the state of facts which have already been given. It was entirely disposed of, by the decision in the other action providing for the payment of the amount of rent to which the defendants were held entitled

out of the deposit, and the complaint was rightly dismissed and the judgment should be affirmed.

Brady, J., concurred

Judgment affirmed.