WILLIAM BROWN, Respondent, *v.* JOSEPH E. ELLERY and ALEXANDER LEUNIS, Doing Business under the Firm Name of ADVERTISING AND IMPORTING COMPANY OF NEW YORK, Appellants.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Pleading — answer — account stated — denial — evidence — new trial.

Where the answer, in an action to recover a balance due on running account, besides a general denial pleads payment, defendant is entitled to show that some of plaintiff's bills had been paid twice, and the exclusion of such testimony is error.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of the plaintiff for the sum of $355, and costs, after a trial by the court without a jury.

Albert & Albert (Samuel J. Albert, of counsel), for appellants.

Max Steindler, for respondent.

MULLAN, J. The plaintiff, for his first cause of action, claims upon what he alleges to be an unpaid balance for printing done by him for the defendants under a running account at agreed rates; and the defendants meet the claim with a general denial and the plea of payment. Judgment went for the plaintiff, and the sole question presented by this appeal is whether the learned trial justice properly excluded certain testimony offered on behalf of the defendants. The latter endeavored to show that some of the plaintiff's bills had been paid twice, their counsel stating, in the course of colloquy with the court in relation to the admissibility of the evidence, that the effect of crediting the defendants with these double payments would be to destroy the balance in plaintiff's favor, and create a balance in defendant's favor, no claim, however, being made by defendants for the recovery of such excess as there was no counterclaim. The learned court refused to take the testimony offered to show the second payment of the bills in question, stating that such proof could not be made in the absence of a defense apprising the plaintiff of the defendants' claim in that regard. We think the testimony should have been received. None of the authorities cited to us by the defendants as bearing upon the subject seems to be in point, nor have our own

researches disclosed any decision in which the pleading question here involved was passed upon or discussed. We find, however, that in *Belden* v. *State,* 103 N. Y. 1, it was held that an overpayment made through error on one contract should be credited in reduction of the unpaid balance due upon another contract between the same parties, the ruling being predicated upon the theory that the overpayment on contract A was, to the extent of the excess, to be deemed to be payment on account of contract B; and it would seem to follow that as matter of pleading the payment so made on contract B is not to be distinguished from any other form of payment. Furthermore, we can see no controlling reason for a requirement that a special form of plea be used in such a case as we are here dealing with, and it is our opinion that the proof of a double or second payment is admissible under the usual general plea of payment. After all, it matters little how the various payments may have been made, or to cover what supposed bill or item a particular payment may have been made. Mistakes in these matters of detail may be expected to occur occasionally wherever there is a running account with frequent items of service on one side and frequent payments on the other; and the inquiry in the event of a dispute as to how the balance stands resolves itself not into what was paid for what, but what is the aggregate of charge for service, and what is the total of payments for that service; and a general plea of payment would seem sufficiently to inform the plaintiff of the nature of the defense to be relied upon. Of course, should the account at any time be stated, the parties then start anew, but here there is no claim that an account was stated and, moreover, the complaint was not drawn on that theory. For the reasons stated, we think there should be a new trial.

Supreme Court, Appellate Term, February, 1917.    [Vol. 98.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Judgment reversed, new trial ordered, with costs to appellant to abide event.