SYLVESTER HULSE, Plaintiff, *v.* CLINTON F. WEST, Defendant.

Supreme Court, Suffolk Special Term, March, 1924.

Judgments — res judicata — action to set aside deed executed under mistake — complaint in prior action to set aside same deed on ground of fraud dismissed on merits — plaintiff bound by former adjudication.

A final judgment dismissing a complaint at the close of the plaintiff's case is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice.

A motion by the defendant for judgment on the pleadings in an action to set aside a deed, on the ground that it was executed under the mistaken belief that it was a will, will be granted, where it appears that in a prior action between the same parties to set aside the same deed on the ground of fraud the complaint was dismissed at the close of the plaintiff's case upon the merits, since the plaintiff is bound by the former adjudication.

MOTION for judgment on pleadings.

*Lester Hand Jayne*, for plaintiff.

*Ralph J. Hawkins*, for defendant.

LAZANSKY, J. Motion for judgment on the pleadings in an action to set aside a deed in which plaintiff is grantor and defendant grantee, upon the ground that the plaintiff executed the deed under the mistaken belief that it was a will. There is a defense that before the commencement of this action, plaintiff had brought an action against defendant in the Supreme Court in which he sought to set aside the same deed on the ground that it was obtained by defendant's fraud; that issue was drawn in the action; that the action was tried, and at the close of plaintiff's case a motion was made to dismiss the complaint upon the merits; that a decision consisting of findings of fact and conclusions of law was made by the presiding justice, awarding judgment to the defendant dismissing the complaint on the merits, and that a judgment was entered

dismissing the complaint upon the merits. These facts are *admitted* by the reply. The question here is whether or not the prior adjudication is a bar to this action. It is essential, first, to determine what the other action and what the nature and effect of the determination therein were. The complaint in the fraud action alleges, in part, that defendant requested plaintiff to make a last will and testament and falsely and fraudulently represented to plaintiff that the latter was executing a last will and testament, under the terms of which he was to leave certain property to defendant; that plaintiff stated to defendant that he did not desire to draw a deed for said premises, and at all times assumed that the document that he signed was a last will and testament; that the paper prepared at the instance of the defendant and signed by plaintiff was a full covenant and warranty deed; *that at no time was plaintiff aware that said instrument was a deed,* and that the signature of the plaintiff thereto was obtained by the false and fraudulent statements of defendant that the instrument was a will. Plaintiff in that action sought judgment that the deed be declared null and void. The answer was a general denial and affirmative allegations that the deed was executed by plaintiff for a valid consideration and with full knowledge of what it was. The decision in the fraud case recites that plaintiff had presented his proof and rested his case and that defendant moved that the complaint be dismissed, upon the ground that plaintiff failed to prove his complaint and failed to prove any cause of action. There then follow findings of fact and conclusions of law. Among the findings of fact are the following: That plaintiff requested his attorney to prepare a deed providing for the conveyance of the property in question to defendant and also instructed the attorney to draw a will; that the attorney prepared the deed and the will; on the day when the papers were executed plaintiff said that he knew the contents of the will and of the deed and that they were all right and satisfactory, and thereupon signed his name to and executed the deed and also executed the will; *that said deed was prepared at the request of plaintiff, who, knowing what he was doing, voluntarily executed it and expressed himself as satisfied with it at the time of its execution.* There were conclusions of law, in part, as follows: That the deed was prepared at the request of plaintiff and *was executed by him with his knowledge; that plaintiff voluntarily executed and delivered said deed and was for* a good, wholesome consideration, without fraud; that no fraudulent act of defendant resulted in the execution and delivery of said deed. The court directed that judgment be entered accordingly dismissing the complaint, without costs. It will be noticed that nothing was said in the decision about dismissal of the complaint on the merits,

although by his reply plaintiff admits it was on the merits and in the judgment signed by the court the complaint was dismissed *upon the merits.* Prior to the enactment of section 482 of the Civil Practice Act it was held that " a judgment dismissing a complaint upon the merits might be founded on the plaintiff's evidence alone, and the failure of the defendant to rest its case pending a decision of a motion to dismiss the complaint may not be conclusive evidence that the motion is for a non-suit and not for a disposition upon the merits predicated upon inferences of fact to be drawn from the evidence." *Ring & Son* v. *Winola Worsted Yarn Co.,* 228 N. Y. 127, 132. Here the intention to enter judgment upon the merits is confirmed by the findings made and by the judgment entered thereon. The findings negative the allegations of plaintiff's complaint. *Keyes* v. *Smith,* 183 N. Y. 376; *Lindenthal* v. *Germania Life Ins. Co.,* 174 id. 76. At the time of the filing of the decision and the entry of the judgment in the fraud action, the effect of a dismissal of a complaint was well defined by section 482 of the Civil Practice Act, which provides: "A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." Here there was a dismissal at the end of the plaintiff's case and it was *not* stated that it was *without prejudice.* By the complaint in the fraud action one of the issues tendered by the plaintiff was that the plaintiff assumed that the document that he signed was a last will and testament and at no time was aware that the said instrument was a deed. There was a finding in the decision that the deed was prepared at the request of the plaintiff and that it was executed by him with knowledge of what it was. Upon the issue presented by plaintiff this finding was essential to a decision on the merits. It was necessary for the plaintiff to prove, in order to recover, that he did not know it was a deed. A decision, upon which was to be entered a judgment dismissing the complaint on the merits, appropriately found that the plaintiff knew that the instrument was what it purports to be. The plaintiff is, therefore, bound by this finding. If the holding in *Wagner Trading Co.* v. *Radillo,* 205 App. Div. 833, be correct, in light of section

46

482 of the Civil Practice Act, it is not controlling here. As has been shown, it was intended to render judgment on the merits. Plaintiff is bound by the prior adjudication. · Plaintiff confidently relies for the contrary upon *Belden* v. *State*, 103 N. Y. 1, where the court had under consideration the effect of a prior adjudication in *People* v. *Denison*, 80 N. Y. 656. Before referring to the conclusions reached in the *Belden* case it will be well to consider the facts in both of the cases. In the *Denison* case the state sued to recover moneys fraudulently obtained by defendants from the state. According to the complaint there was a contract between the state and defendants by which the latter were to do certain work at a bid price of about $75,000; that defendants by fraud, false pretenses, false vouchers and corrupt combinations with state officers obtained from the state $417,571, a large part of which was for work never done; less work was done than was so falsely certified, and that defendants were paid for work not called for by the contract. In a defense the defendants set up a claim for $73,674.05, being the difference between the engineers' estimates and the amount actually paid to defendants. The case was tried before referees, who found that defendants did certain work which the engineers estimated at $491,245.05, which, less fifteen per cent retained percentage, made the amount received by defendants, to wit, $417,571. There was no finding as to the amount of work actually done by defendants, although there was a finding as to the estimates of the state's engineers. The referees held that all work done in excess of the contract price was unlawful and unauthorized and the state was entitled to recover the difference. The facts developed upon the trial did not show any fraud, and the referees made no finding as to fraud. As far as the referees' decision was concerned, the only question in litigation was the amount of the contract and the amount that was paid. No issue was raised and no question was involved as to the amount of work actually done, and, as stated, no finding was made thereon. The determination of the referees was reversed by the General Term (19 Hun, 137), on the grounds: (1) That as the complaint sounded in fraud, of which there was no proof, there could be no recovery on the theory of contract; (2) that in the absence of bad faith the state could not recover back for work actually done, although in excess of and outside the contract, if the state retained the benefit of it. The General Term directed a new trial. The case went to the Court of Appeals upon the plaintiff's stipulation for judgment absolute in the event of affirmance. The determination of the General Term was affirmed and judgment absolute rendered for defendants, upon the following grounds: (1) That the cause of action stated in the complaint was

one in fraud alone and no fraud was found; (2) that the referees were right, though not in all details, in the opinion that the canal commissioners and auditor acted without authority of law in some of the payments made to defendants, but that the referees were wrong in holding that the state could recover all the moneys thus paid and not allow for the value of the work done. As to this second item two judges concurred in the opinion and four expressed no opinion. In the *Belden Case*, 103 N. Y. 1, the contractors, defendants in the *Denison* case, had presented claims to the state board of audit on three contracts. One of these was the contract under consideration in the *Denison* case. The contractors claimed $73,674.05, the amount which in the *Denison* case appears to have been the difference between the amount estimated by the engineers and the amount paid by the state to the contractors. The board of audit found that the contractors had been paid $417,570 but were only entitled to $314,960.70. Because there was an overpayment the claim of the contractors was dismissed. The *Denison* case, in so far as it has any application here, was an adjudication that no fraud on the part of defendants had been proved, and, since the complaint was based upon fraud there could be no recovery. It was a determination that plaintiff had failed to prove the allegations of his complaint. It was really not an adjudication on the merits. But if it be deemed an adjudication of facts then it only adjudged that defendants did not do the wrongful things that were charged against them. It did not adjudicate any attitude of the state in the matter. So the Court of Appeals said in the *Belden* case (at p. 7): " Such a judgment presents no obstacle to the recovery of money paid by the State officers in ignorance that the amount of work and materials in the estimates on which they acted, was incorrectly stated and in excess of that really done or furnished, and under a mistake as to those facts. That question was neither litigated nor decided in the former action, nor could it have been. It was not involved in the pleadings, nor presented for determination. * * * The judgment relieved the contractor from the imputation and the consequences of obtaining the money fraudulently, but it did not establish the fact of indebtedness, nor confirm a title to the money, if it was otherwise defective. The plaintiff failed because its action was misconceived, and for a cause not warranted by the facts proved. The judgment is no bar to a claim, therefore, for a sufficient cause, or where the evidence to sustain the second would not have entitled the plaintiff to recover in the first; where, in other words, there is no identity of the question with that before decided.

" It is entirely consistent with the record in that action, that

money paid under a mistake of fact, may be recovered back, although the State there failed in its assertion that the money was obtained from its officers by fraud and false pretenses; that question was settled, but not the right of the defendant to retain it."

In the case at bar the question of the knowledge of the plaintiff as to whether or not the instrument was a deed was involved in the pleadings and, in light of the findings, must have been presented for determination in the fraud action. It is true, as stated in the opinion in the *Belden* case, that the evidence to sustain a cause of action for mistake would not entitle one to recover upon the ground of fraud, but that rule has no application here. In the *Denison* case, whether or not state officials were parties to the alleged fraud, which enabled the contractors to receive more than their due, was not considered. In the opinion in the *Belden* case it is stated that moneys paid by state officers in ignorance that the amount of work and materials in the estimates on which they acted was incorrectly stated and in excess of that really done or furnished, and under a mistake as to those facts, may be recovered despite a judgment that the defendants had not been guilty of fraud. In the course of its opinion the court say (at p. 7): "Evidence, however ample to warrant a recovery for money paid under a mistake of fact, would be wholly insufficient to show that its payment was procured by fraud." But it is possible that proof which shows it was not procured by fraud may show it was not paid under a mistake. As to the amounts involved in the controversy the court (at p. 8) in the *Belden* case say: "Nor does that judgment establish the sum due to the appellants upon contract. That question was not in issue. It may have come collaterally in question, and, as incident to the general charge of fraud, been the subject of evidence and controversy, but it was not in issue within the meaning of the rule which gives effect to the adjudication. That applies to that matter only upon which the plaintiff proceeded by its action, and which the defendants answered by their pleading."

In the *Denison* case there was no finding by the referees of the actual amount of work done by the contractors. There was evidence in the case by way of estimates of the state engineers as to the amount of work done but this was merely incidental. The questions of fact involved before the referees were, how much was the contract and how much were the contractors paid? But, as already pointed out, the determination of the Court of Appeals is that the plaintiff did not prove the allegations of the complaint as to fraud. In the case at bar the plaintiff alleged in the fraud action the ignorance of plaintiff of the fact that he was signing a deed. That issue was tendered by him and the court found other-

wise. That same issue is tendered in this case. Having offered that issue in the fraud action and having lost upon it plaintiff will not now be heard upon that issue merely because he now alleges mistake instead of fraud. In the fraud action plaintiff's knowledge or lack of knowledge of what he delivered was in issue. It was not a collateral or incidental matter, evidence of which was presented merely to prove another issue. In 2 Van Fleet on Former Adjudication, 871, the following is stated: " In an action to recover back money paid on account of fraud of the defendant, if the plaintiff, after being defeated, can maintain an action for the same money upon the ground that it was paid by mistake, as was held by the Court of Appeals of New York, I am unable to understand why the same rule shall not also apply in an equitable suit for cancellation." The case referred to is *Belden* v. *State*, 103 N. Y. 1. In my opinion the *Belden* case does not hold what the author states it holds. In my judgment, if in an action to recover money paid because of defendant's fraud it clearly appears that an issue was presented and tried as to whether or not the plaintiff had knowledge of the real conditions and it was found that he had, a judgment in the defendant's favor in the fraud action would be a bar to an action to recover money paid under mistake. For if plaintiff knew just exactly what he was doing there could be neither fraud nor mistake. In my opinion this case comes within the rule stated in Freeman on Judgments (Vol. 1 [4th ed.], § 257), as follows: " The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which is necessary to uphold the judgment. The doctrine of estoppel is restricted to facts directly in issue, and does not extend to facts which may be in controversy, but which rest in evidence, and are merely collateral. 'A fact or matter in issue is that upon which plaintiff proceeds by his action, and which the defendant controverts in his pleadings, while collateral facts are such as are offered in evidence to establish the matters or facts in issue.' "

In the fraud case plaintiff presented the issue of his knowledge of what he signed. It was decided that he knew that he signed a a deed. In this action he alleges that he did not know what he signed was a deed. He is bound by the former adjudication.

Motion granted.

Ordered accordingly.